IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JAMES E. MCWILLIAMS, #62006**                                                                    **PLAINTIFF**

versus                                                                     **CIVIL ACTION NO. 2:07-cv-58-KS-MTP**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS, et al.**                          **DEFENDANTS**

**ORDER**

This cause comes before the court on plaintiff's "motion for reconsideration" [4] filed in response to the order [3] entered on March 28, 2007, denying plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).  Having reviewed the motion and liberally construing same, this court has determined that the plaintiff's motion is without merit and will be denied.

The plaintiff argues that he should be allowed to proceed as a pauper in this action under the exception provision of 28 U.S.C. § 1915(g), "imminent danger of serious physical injury." The court finds plaintiff's allegations regarding the conditions of his confinement insufficient to meet the threshold requirement of imminent danger of serious physical injury.  See Edmond v. Texas Dep't of Corrections, et al., No. 97-10819, 97-11170, 97-11202 (5th Cir. Oct. 7, 1998)(unpublished)(allegations about the quality of medical care, including delay in medical care for fractured jaw, found insufficient to satisfy the § 1915(g) exception);  Humphrey v. Lopez, No. 5:04-cv-94, 2004 WL 980512, at * 2 (N.D.Tex. May 6, 2004)(allegations of delay in medical care due to racial discrimination fail to establish imminent danger of serious physical injury); Bankhead v. King, No. 03-142, 2003 WL 21529822, at *3 (N.D.Tex. July 7, 2003)(allegations

that prison guards used excessive force when removing plaintiff from his cell, failed to protect him, harassed him, and conspired against him, and that these actions were in part racially motivated failed to establish imminent danger of serious physical injury); Cain v. Shilling, No. 799-CV-898, 2001 WL 515263, *2 (W.D. Va. Mar. 14, 2001)(imminent danger not established when prisoner alleged he did not receive the treatment he believed necessary); Ford v. Foti, No. 01-1970, 2001 WL 845461, at *2 (E.D.La. July 25, 2001)(allegations of missed appointment for circumcision and prison doctors failure to treat him progressively for Hepatitis C failed to allege physical danger sufficient to overcome the § 1915(g) bar); Gallagher v. McGinnis, No. 00-1468, 2000 WL 739285, at *1 (E.D. La. June 5, 2000)(allegations of inadequate medical care for excruciating pain and ambulatory difficulties exacerbated by prisoner's work assignments and the prison officials' indifference to his medical needs failed to establish danger of serious physical injury); Carson v. TDCJ-ID, No. 2:98-CV-0397, 1998 WL 906989, at *1 (N.D.Tex. Dec. 17, 1998)(allegations of inadequate medical care for plaintiff's hearing loss and failure to assign him to work compatible with his medical needs and medication were insufficient to overcome the prohibition under § 1915(g)).  In sum, the plaintiff's complaint fails to establish that he was under imminent danger of serious physical injury at the time of filing this complaint. Banos v. O'Guin, 144 F.3d 883, 884-85 (5th Cir.1998); Choyce v. Domiguez, 160 F.3d 1068 (5th Cir. 1998). The plaintiff's motion fails to alter the reasoning and conclusion of the March 28, 2007 order. Accordingly, it is hereby,

ORDERED:

1. That the plaintiff's motion to reconsider [4] is denied.

2.  That the plaintiff is warned that he has thirty days from the entry of the March 28, 2007 order to pay the $350.00 filing fee in this action or this action will be dismissed without further written notice to the plaintiff.

**SO ORDERED AND ADJUDGED,** this the 17th day of April, 2007.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE