**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**JAMES E. MCWILLIAMS, #62006**                                             **PLAINTIFF**

**VERSUS**                                             **CIVIL ACTION NO. 2:07-cv-58-KS-MTP**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS, et al.**            **DEFENDANTS**

<u>MEMORANDUM OPINION</u>

This cause comes before this court *sua sponte* for consideration of dismissal. On March 28, 2007, an order was entered denying the prisoner plaintiff's request to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(g)[1] and requiring plaintiff to pay the full filing fee, within thirty days. The plaintiff was warned that his failure to pay the filing fee in a timely manner would result in the dismissal of this case without further written notice. Instead of paying the filing fee, the plaintiff filed a motion to reconsider. On April 18, 2007, the court entered an order denying the plaintiff's motion to reconsider and the plaintiff was directed to pay the filing fee within thirty days or this case would be dismissed, without further written notice to the plaintiff. Instead of paying the filing fee, the plaintiff filed a notice of appeal. The plaintiff's appeal was dismissed by the United States Court of Appeals for the Fifth Circuit on August 3, 2007.

On August 16, 2007, the court entered an order directing the plaintiff to show cause why this case should not be dismissed for his failure to pay the filing fee. In addition, the

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

order directed the plaintiff to pay the filing fee within fifteen days.  The plaintiff was warned that his failure to fully comply with the court's order in a timely manner would result in the dismissal of this case.  The plaintiff failed to pay the filing fee.  The plaintiff filed a response on September 5, 2007, however, the plaintiff failed to show cause why this case should not be dismissed and he failed to pay the filing fee as directed.

The plaintiff has failed to comply with the court's orders of March 28, 2007, April 18, 2007, and August 16, 2007.  As previously explained to the plaintiff, this case does not meet the exception provisions of 28 U.S.C. § 1915(g), therefore this court cannot allow him to proceed in forma pauperis.  Banos v. O'Guin, 144 F.3d 883, 884-85 (5th Cir.1998);  Choyce v. Domiguez, 160 F.3d 1068 (5th Cir.1998).  Since the plaintiff has failed to pay the filing fee, thereby failing to comply with three court orders, this case will be dismissed.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal will provide that dismissal is without prejudice.

Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the 10th day of September, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE